# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Clean Harbors Envtl. Servs., Inc., | ) | |
|     Plaintiff, | ) | Case No:   14 C 4142 |
| | ) | |
| v. | ) | |
| | ) | Judge Kennelly |
| ESIS, Inc., et al., | ) | |
|     Defendants. | ) | |

## ORDER ON MOTIONS TO DISMISS

Clean Harbors Environmental Services, Inc., which is in the waste handling business, purchased liability insurance from the ACE USA group of companies. Clean Harbors alleges that as a condition of purchasing the insurance, it was required to enter into an agreement with defendant ESIS, Inc., also part of the ACE USA group, under which ESIS would manage and adjust any claims against Clean Harbors.

A semi-truck driver named Eddie Lopez who claimed he had suffered injuries from exposures to substances at a Clean Harbors facility filed a petition for discovery and then a lawsuit against Clean Harbors, seeking to recovery for his injuries. ESIS retained attorneys Howard Krauskopf and Jason Sax, then with the law firm Myers Miller & Krauskopf (MMK), to represent Clean Harbors. Clean Harbors alleges that ESIS and MMK retained an expert witness who was unqualified and who performed his work in a slipshod way that Clean Harbors attributes to the fault of ESIS and MMK. After Clean Harbors became aware of this, allegedly not until the lawsuit had reached an advanced stage, it retained new counsel to protect its interests. The new attorneys allegedly discovered that MMK had failed to take all sorts of steps that ought to have been taken to protect Clean Harbor's interests. As a result, Clean Harbors alleges, it was forced to enter into an unfavorable settlement of the Lopez lawsuit. Clean Harbors has sued ESIS, MMK, Krauskopf, and Sax for professional negligence and on other claims.

ESIS has filed a crossclaim against Krauskopf and Sax for contribution and indemnity, alleging negligence. It has also filed a third-party claim against Myers and

Miller (M&M), the successor entity to MMK following Krauskopf's departure from the firm, likewise for contribution and indemnity based on negligence.

M&M, joined by Krauskopf and Sax, has moved to dismiss the counterclaim and crossclaim based on the statute of limitations. The parties appear to agree that under Illinois law, a two year limitations period applies. The question is when the two years started to run.

Clean Harbors' present lawsuit was filed on June 4, 2014 and was served on ESIS on June 10, 2014. There was, however, an earlier similar lawsuit. Clean Harbors sued the same defendants in June 2009, also in federal court. The lawsuit was served on ESIS in August 2009. ESIS filed a crossclaim for contribution and indemnity against MMK, Krauskopf, and Sax. The lawsuit was voluntarily dismissed in November 2011. In connection with the voluntary dismissal, Clean Harbors, ESIS, Krauskopf, Sax, and "Myers & Miler, LLC f/k/a Myers Miller & Krauskopf" entered into a series of tolling agreements. In these agreements, they agreed to give up any statute of limitations defense related to any refiling of the lawsuit, counterclaim and crossclaim prior to December 2, 2012, later extended to December 4, 2013, and still later extended to June 6, 2014.

As just indicated, Clean Harbors filed the present lawsuit on June 4, 2014, and it served ESIS on June 10, 2014. ESIS filed its counterclaim and crossclaim against Krauskopf, Sax, and M&M on October 10, 2014. In arguing that the counterclaim and crossclaim are untimely, M&M relies on the general rule that in federal court, when a lawsuit is voluntarily dismissed, the tolling effect of the filing of the suit is wiped out, and the statute of limitations is deemed to have continued running from whenever the cause of action accrued. *See, e.g., Lee v. Cook Cnty.*, 635 F.3d 969, 971-72 (7th Cir. 2011). M&M concedes that the tolling agreements stopped the further running of the limitations period but argues that they did so only through June 6, 2014. Thus, M&M argues, ESIS's contribution and indemnity claims—which were not filed until October 2014—are time-barred, having been filed more than two years after they first accrued in 2009, when

ESIS was sued the first time, even if one does not count the period when the tolling agreements were in effect.

This argument lacks merit. A claim for contribution or indemnity accrues under Illinois law only when the party seeking contribution or indemnity is served with process or knows or should have known of the act giving rise to the claim for contribution or indemnity, whichever is later. See 735 ILCS 5/13-204(b). This statute "prevents a third-party action from being time barred before the underlying action has been filed." *Guzman v. C.R. Epperson Constr., Inc.*, 196 Ill. 2d 391, 400-01, 762 N.E.2d 1069, 1075-76 (2001). If M&M is right, then ESIS's claim over for contribution or indemnity was time-barred before it even became aware of the refiling of the suit. That would make no sense, and it would contravene the Illinois statute and its underlying policy. As the Illinois Supreme Court said in *Guzman*, "[t]he purpose behind a statute of limitations is to prevent stale claims, not to preclude claims before they are ripe for adjudication." *Id.* at 400, 762 N.E.2d at 1075-76. None of the cases that M&M cites about the effect of a voluntary dismissal on the statute of limitations involved application of a time-bar to a crossclaim or third-party claim for contribution or indemnity like the claims at issue here. Thus those cases do not govern the present issue. ESIS was served with process in this suit in June 2014, and the limitations period for filing its contribution and indemnity claims started to run then. M&M, Krauskopf, and Sax do not have a viable limitations defense.

For these reasons, the Court denies Myers & Miller's and Krauskopf and Sax's motions to dismiss [dkt. nos. 35 & 36] and directs them to answer the third party claim and crossclaim by no later than January 22, 2015.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 8, 2015